UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:14CR422 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| WILLIE MONROE, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Willie Monroe's *pro se* motion for compassionate release. Doc. 73.  Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).[1]

---

1 The sentencing commission has since clarified that § 1B1.13 is in fact applicable to applications filed by prisoners.

In its recently amended compassionate-release policy statement, the Sentencing Commission lists six categories of extraordinary and compelling reasons that may support compassionate release. Those categories are (1) medical circumstances, (2) age, (3) family circumstances, (4) abuse suffered in custody involving a "sexual act" or "serious bodily injury," (5) "other reasons" similar to those in the first four categories, and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b). Such circumstances, according to the Sixth Circuit (speaking before the policy statement), are "most unusual" and "far from common." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022 (citation omitted). And in any event, district judges retain considerable discretion to determine whether a defendant's reasons are extraordinary and compelling. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

> The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. District courts are encouraged to be explicit and particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024)(citations and quotations omitted).

Monroe appears to raise two arguments in support of his motion – medical circumstance and family circumstances. With respect to family, Monroe expresses a desire to care for his elderly father. Under § 1B1.13(1)(C), Monroe must demonstrate, with evidence, that (1) his father's

2

caregiver is incapacitated and (2) he would be the only available caregiver for his father. *See United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021) ("[D]istrict courts have routinely denied motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child." (citations omitted)); *United States v. Corley*, No. 3:13-cr-00097-9, 2021 WL 119640, at *1 (M.D. Tenn. Jan. 13, 2021) ("There is simply no factual predicate for the Court to find [that the defendant's] family circumstances constitute extraordinary and compelling grounds for compassionate release, which typically requires a finding that the Defendant is the only available caregiver." (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020))); *United States v. Marshall*, No. 3:16-CR-00004-JHM, 2020 WL 114437, at *3 (W.D. Ky. Jan. 9, 2020) ("[The defendant] fails to provide evidence that [his grandfather] is incapacitated, i.e. that he cannot carry on any self-care. Additionally, the evidence does not reflect that [the defendant] is the only available caregiver for [his grandfather]." (footnote and citations omitted)). Similar to the above, Monroe has failed to demonstrate that his father is incapacitated and he has also failed to demonstrate that he is the sole available caregiver. Accordingly, family circumstances do not support granting him release.

Monroe next argues that he has asthma, valley fever, a history of substance abuse, and a history of smoking that support granting release. Initially, the Court notes that are no longer in a pandemic. Accordingly, "Defendant's asthma is neither extraordinary nor compelling. Asthma is common." *United States v. Hopkins*, 594 F. Supp. 3d 852, 858 (E.D. Mich. 2022), *aff'd*, No. 22-1170, 2022 WL 18955859 (6th Cir. Oct. 6, 2022). Moreover, even during the pandemic, the CDC

3

did "not specifically list valley fever as putting someone at increased risk of complications from COVID." *United States v. Linares*, No. 1:15-CR-00022-BLW, 2021 WL 27295, at *4 (D. Idaho Jan. 4, 2021).  Accordingly, outside the pandemic, valley fever certainly does not support release. The Court similarly finds that Monroe's prior voluntary choices to smoke and abuse controlled substances also do not constitute extraordinary and compelling reasons that justify his release.

Based upon the above, the motion for compassionate release is DENIED.

IT IS SO ORDERED.

March 10, 2025 Date                                             /s/John R. Adams
                                                                JOHN R. ADAMS
                                                                UNITED STATES DISTRICT JUDGE